IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ERVIN and DONALD ERVIN | § | |
| *Plaintiffs,* | § | |
| VS. | § | C.A. NO. G-07-233 |
| MASTERS RESOURCES, LLC; | § | |
| *Defendant.* | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence

that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw

from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## GENERAL MARITIME – NEGLIGENCE

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## COMPARATIVE FAULT

The defendant contends that the plaintiffs were negligent, and that the plaintiffs' negligence caused or contributed to causing their injuries. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiffs were contributorily negligent. If the plaintiffs were guilty of contributory negligence that contributed to their injuries, they nevertheless may recover. However, the amount of each plaintiff's recovery will be reduced by the extent of his contributory negligence.

## DAMAGES

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiffs' damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiffs have established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiffs' injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiffs' earning capacity due to his physical condition; post-medical expenses; the reasonable value, not exceeding actual cost to the plaintiffs, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiffs for their injuries.

Any award you make to the plaintiffs is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiffs are entitled to receive without considering the effect of taxes upon it.

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

You may award damages for any bodily injury that each plaintiff sustained and any pain and suffering, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that each plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate each plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

## MEDICAL EXPENSES

Future medical expenses include the reasonable value of the expense of hospitalization, life care plan, medical, and nursing care and treatment that the plaintiff will require in the future because of their injuries which were caused by the defendant's wrongful conduct.

## BURDEN OF PROOF WHEN ONLY PLAINTIFFS HAVE BURDEN

In this case, the plaintiffs must prove every essential part of their claims by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiffs' claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to those claims.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.